Morris Co. *v.* Athas et al., Appellants.

Argued March 20, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*A. Sagoskin,* with him *George Gershenfeld,* for appellants.

*Thomas M. Twardowski,* with him *Robert W. Lentz,* and *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.,* for appellee.

OPINION BY PACKEL, J., April 17, 1972:

The plaintiff-appellee properly contends that credibility was for the trial judge in his finding of $36,-196.08 in favor of the plaintiff-appellee on an oral contract and oral modifications and on alleged counterclaims with respect to services and materials furnished in renovating a restaurant. *Burbage v. Boiler Engineering and Supply Co.*, 433 Pa. 319, 249 A. 2d 563 (1969). However, on one issue, the appellant asserts a proper basis for modification of the judgment.

Both sides admit that certain kitchen equipment was ordered and supplied pursuant to mutual assent, but without any agreement as to price. Under those circumstances, the Commercial Code, 12A P.S. §2-305 (1) (a), provides for payment of a "reasonable price." The testimony shows that plaintiff paid $6,177.88 for the equipment and charged the defendant $9,715.00, which amount the court allowed. The only evidence of reasonable price for the equipment was an expert's testimony that the fair price for a sale to a consumer was "approximately $9,000." Under such circumstances, a sum larger than that figure should not have been awarded and the judgment should be modified by a credit of $715, together with interest thereon.

Judgment modified and as modified affirmed. Each side to pay own costs.